**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WFD CAPITAL LLC** | Case No. |
| *Plaintiff,* | |
| vs. | |
| **SCOTT BEEN, d/b/a LEGAL X,** | |
| *Defendant.* | |

## COMPLAINT:

Plaintiff WFD CAPITAL LLC ("Plaintiff" or "WFD"), by and through its undersigned counsel, brings this Complaint against Defendant SCOTT BEEN, d/b/a LEGAL X ("Been"), and alleges as follows:

## INTRODUCTION

1.      The Plaintiff brings this action for liquidated damages, injunctive relief, and attorney's fees against Defendant, alleging Defendant Scott Been violated a non-disparagement clause in an agreement with Plaintiff dated January 30, 2025, in which Been agreed to cease further social media posts, podcasts and/or videos which are disparaging in nature, regarding two non-parties, Active World Holdings Inc., doing business as Active World Club ("AWH"), and Alfonso Knoll ("Knoll").  A copy of the redacted agreement is attached as Exhibit "1" and will be referred to as the "Agreement".

2.      Since January 30, 2025, in violation of the non-disparagement clause, Been has engaged in significant and ongoing disparagement of Active World Holdings Inc. and Alfonso Knoll via posts on multiple online platforms including X (formerly known as Twitter), YouTube, and Discord.

3.      Been violated the non-disparagement clause by repeatedly referring to Alfonso Knoll as a "scam artist", "scammer", and accused Knoll of embezzlement of millions of dollars.

## PARTIES

4.      Plaintiff WFD Capital LLC is a Pennsylvania limited liability company headquartered in the Eastern District of Pennsylvania.

5.      Defendant Scott Been, d/b/a Legal X, is an adult individual and resident of Montgomery County, Texas residing at 21820 South Enchanted Rock Drive, Porter, TX 77365. Been does also business as "Legal X".

## JURISDICTION AND VENUE

6.      <u>Subject Matter Jurisdiction.</u>  This Court has diversity subject matter jurisdiction over Plaintiff's breach of contract claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Defendant Been is a citizen and resident of the Southern District of Texas. Plaintiff WFD Capital LLC is a Pennsylvania limited liability company whose principal office is located in the Eastern District of Pennsylvania. There is a complete diversity of citizenship of the parties.

7.      This Court has personal jurisdiction over this action pursuant to the terms of the Agreement between the parties, which includes a valid and enforceable forum selection clause. Additionally, the dispute giving rise to the instant action occurred in the Commonwealth of Pennsylvania, and the choice of law, per the Agreement, is the Commonwealth of Pennsylvania. The dispute between WFD and Been is in regards to online disparagement committed by Been that was specifically and intentionally targeted towards Knoll and AWH who are residents of Pennsylvania, and which disparagement impacted the collection of WFD's judgment against Knoll

and AWH entered by the United States District Court for the Eastern District of Pennsylvania.

8.      Venue is proper in this Court pursuant to the aforementioned forum selection clause, and a substantial part of the underlying events giving rise to Plaintiff's claims occurred in this District.

## Background

## WFD Capital Judgment

9.      On January 24, 2023, Defendant Scott Been filed a civil action in the United States District Court for the Eastern District of Pennsylvania, captioned *Scott Been v. Active World Holdings Inc., d/b/a Active World Club and Alfonso Knoll*, Case No. 5:23-cv-00292-KNS ("the Pennsylvania Action").

10.     The Pennsylvania Action involved breach of a settlement agreement between Been, Alfonso Knoll, and AWH, whereby AWH and Alfonso Knoll had certain payment obligations which Been alleged were owed. See Case No. 5:23-cv-00292, Dkt. No. 1, Complaint, ¶1-4.

11.     After substantial litigation over more than a year, the United States District Court for the Eastern District of Pennsylvania ultimately entered a judgment on February 7, 2024 in the amount of $921,925.00 against AWH and Alfonso Knoll.

12.     On February 8, 2024, Plaintiff WFD Capital LLC took assignment of the judgment from Been via an Acknowledgment of Assignment of Judgment executed and notarized by Been. A true and correct copy of the EDPA judgment (the "WFD Judgment") and assignment attached hereto as Composite Exhibit "2".

13.     After taking assignment of the WFD Judgment, WFD attempted to diligently and vigorously enforce the judgment by utilizing many collection remedies, including garnishing bank accounts via attachment execution proceedings, and subpoenas for banking records from financial

institutions, among other things.

14.     WFD identified two primary exposed assets that could at least partially satisfy the WFD Judgment: two pieces of rental real estate owned in the name of Active World Holdings Inc., both located in Pennsylvania.

15.     On February 8, 2024, WFD transferred and recorded the WFD Judgment in the Court of Common Pleas of Berks County, Pennsylvania, Case Number 24-01461.

16.     On February 12, 2024, WFD transferred and recorded the WFD Judgment in the Court of Common Pleas of Lancaster County, Pennsylvania, Case Number CI-24-01038.

17.     In May of 2024, WFD initiated sheriff's sales in connection with the WFD Judgment in Berks County and Lancaster County on two (2) real properties (collectively, the "Properties") located at 697 North Galen Hall Road / Winding Way, Wernersville, PA 19565 (the "Galen Hall Property") and at 395 Holtzman Road, Reinholds, PA 17569 (the "Holtzman Property"), respectively.

18.     Sheriff's sales were scheduled to be held on the Galen Hall Property on August 9, 2024 and on the Holtzman Property on November 27, 2024.

19.     On August 8, 2024, the day before the Galen Hall Property sheriff's sale, the Judgment Debtor Active World Holdings Inc. dba Active World Club filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date").

20.     WFD then retained bankruptcy counsel and filed a Motion for Relief from Stay with the United States Bankruptcy Court for the Eastern District of Pennsylvania, which was granted on September 24, 2024, allowing WFD to resume the sale of the Judgment Debtor's properties.

21.     WFD initiated a second sheriff's sale of the Galen Hall Property which was

scheduled for January 10, 2025.

22.    Just prior to the second sheriff's sale, the Judgment Debtors Alfonso Knoll and AWH agreed to a settlement agreement with WFD ("the AWH Settlement Agreement").

23.    The AWH Settlement Agreement provided as follows:

**a.)** WFD agreed to postpone the sheriff's sale of the Galen Hall Property in exchange for payment of $15,000 by AWH and Knoll to WFD,

**b.)** AWH agreed to execute a Quitclaim Deed of the Holtzman Property to WFD, relinquishing ownership of that property to WFD,

**c.)** AWH agreed to procure a mortgage satisfaction piece from a lender, Marquis Beach LLC, holding a mortgage on the Holtzman Property that was recorded in Lancaster County, Pennsylvania on February 21, 2024 in the original amount of $125,000. This was to ensure that WFD would acquire the Holtzman Property free and clear of any mortgage encumbrances, and finally…

**d.)** AWH and Knoll agreed to pay WFD another $141,000 no later than March 21, 2025, in full and final satisfaction of the WFD Judgment.

24.    AWH and Knoll complied with items (a), (b), and (c) listed above.

25.    As of the date of this Complaint, AWH and Knoll have not yet paid WFD the final payment of $141,000, which as stated above was due no later than March 21, 2025. AWH and Knoll only paid $15,000 of the agreed $141,000 to the Plaintiff, on April 10, 2025, in exchange for another postponement of the Galen Hall Road Property Sheriff's sale to May 9, 2025.

26.    Then on May 8, 2025, AWH filed a second Chapter 11 Bankruptcy petition to further delay the Sheriff's sale of the Galen Hall Road Property.

**<u>Online Posts by Scott Been during WFD Judgment Collection</u>**

27.     During the course of WFD's Judgment collection efforts, Defendant Scott Been (the original judgment creditor of the WFD Judgment) posted numerous videos and comments on social media platforms and public websites regarding AWH and Alfonso Knoll, including on: X (formerly known as Twitter), YouTube, and Discord.

28.     These posts were generally disparaging of the Judgment Debtors, AWH and Alfonso Knoll and routinely referred to them as "scammers" and "scam artists", among other negative remarks.

29.     These posts were not authorized or condoned by WFD.

30.     By way of example, on March 6, 2024, Defendant Scott Been posted the following on X (formerly Twitter) which contained a YouTube video link to a video posted by Been titled "**Alfonso Knoll & AWC $5m crypto scam. NSAV, GIVBUX, DIVINCIPAY. All crypto scams. #crypto**". (A link to this video may be found here: https://www.youtube.com/watch?v=Yr_evoDxW9o). A true and correct screenshot is below:



31.     By way of another example, on June 12, 2024, Been posted on X that Alfonso Knoll had failed to appear for a court hearing and wrote "*We missed you in court today. You no*

*showed in front of a federal judge. I wonder why."*

### WFD Instructs Been to Stop Harassing the Judgment Debtors

32.     On June 12, 2024, upon becoming aware of this post, counsel for WFD immediately instructed Been in no uncertain terms, both via phone call and in writing, to stop posting anything online about AWH or Alfonso Knoll, as these posts were inappropriate and were hindering WFD's collection efforts by angering and embarrassing the Debtors, and causing them to want to do everything in their power to avoid payment instead of working towards an amicable resolution with WFD.

33.     Defendant Been's wife, Jennifer Matthew, was copied on this correspondence and was on full notice that WFD was instructing Been to cease and desist his conduct.

34.     Been deleted this post at the urging of WFD's counsel.

### Been Enters into a Non-Disparagement Agreement with WFD

35.     At all times material hereto, WFD's collection efforts were being frustrated and hindered by consistent posts from Scott Been, both individually and on behalf of his X, formerly twitter, handle "Legal X" which at that point was simply a fictitious name used by Been for his new business.

36.     Indeed, on multiple occasions, including on January 6, 2025, Alfonso Knoll indicated to WFD that Been's posts, individually and on behalf of his new business "LegalX", were causing him to want to walk away from the negotiation table and to instead refuse to pay or settle the judgment.

37.     Knoll wanted Been to cease and desist his ongoing disparagement and harassment.

38.     WFD wanted Been to stop the ongoing disparagement so that it could effectively

collect the WFD Judgment from Knoll and AWH without any interference.

39.     In effect, Defendants' conduct was torpedoing WFD's ability to effectively recover the judgment.

40.     On numerous occasions, WFD requested that Been cease and desist his public comments regarding Alfonso Knoll and AWH, but Been did not comply.

41.     On multiple occasions, including in January of 2025, WFD contacted Been's wife, Jennifer Matthew, to ask her to persuade Been to stop harassing and disparaging Alfonso Knoll and AWH.

42.     During January of 2025, Jennifer Matthew negotiated with WFD on behalf of her husband, Defendant Scott Been in order to reach a mutual solution, which would consist of Been agreeing in writing to cease and desist his ongoing disparagement of the Judgment Debtors in exchange for monetary compensation.

43.     In order to get Been to stop his conduct, WFD and Been entered into an agreement dated January 30, 2025, whereby Defendant Been agreed that in exchange for monetary compensation of $100,000 paid to him no later than February 7, 2025, he would cease any further disparagement or negative comments via social media posts, podcasts and/or videos, regarding the Judgment Debtors, Active World Holdings Inc. and Alfonso Knoll.

44.     The Agreement between WFD and Been provided that if Been engaged in further disparagement of the Judgment Debtors, Alfonso Knoll and AWH, he would be liable for payment of liquidated damages of $100,000 to WFD, plus reasonable attorney's fees. In relevant part, the specific terms of the agreement were as follows:

> **NON-DISPARAGEMENT AND CONFIDENTIALITY:** As additional consideration, Been agrees to cease further social media posts, podcasts and/or videos, regarding the Judgment Debtors, Active World Holdings Inc. and Alfonso Knoll. Been agrees he will not harass, disparage, slander,

defame, or libel the Judgment Debtors in any way, or encourage others to do so. Been further agrees that he will take no actions which are detrimental to or hinder WFD's collection of the sold judgment, including, but not limited to, disclosure of collections strategy, informing Judgment Debtors of the consideration for the sale of the judgment herein, or take any other action which would reasonably impair or hinder WFD's ability to collect. Been agrees he will not contact the Judgment Debtor(s) in the future for any reason. Been also agrees he will not publicly disparage Judgment Debtors, WFD, its principal owner, James Shelton, and/or WFD's legal counsel. The damages of such a breach will be difficult to calculate with precision and may involve speculation, such as to the potential collection value of the judgment. **Therefore, in the event Been breaches this provision of the agreement by engaging in any of the above-described conduct, Been will be liable for liquidated damages of $100,000.00, payable to WFD, plus any reasonable attorney's fees and costs incurred in enforcing such provision.**

45.     The non-disparagement provision was a material part of the agreement.

46.     When entering into this agreement with Been, WFD relied on Defendant Been's promise that he would not engage in any further disparagement of Alfonso Knoll and/or AWH.

47.     WFD would not have entered into an agreement to pay Been $100,000 if Been did not agree to the non-disparagement provision.

48.     On January 30, 2025, Defendant Scott Been wrote to WFD via e-mail authorizing the $100,000 to be wired to Jennifer Matthew, his wife, on Been's behalf.

49.     WFD was uncomfortable with wiring $100,000 to Scott Been's wife's account, asked for a bank account under Scott Been's name to send the money to.

50.     However, Matthew informed WFD via text message that Scott Been does not have an individual checking account under his name, and instead, "we use my account".

51.     On January 30, 2025, WFD asked Matthew: "Does Scott have a bank account under his own name?"

52.     In response, Matthew wrote to WFD: "[Scott] has a business account that his name is on he will send you that info".

53.    Shortly thereafter, Matthew sent a photo of a check in the name of Innovative Ranking Services Inc., which had Scott Been's name below the name of the business and Scott Been's former address, 27506 Grayson Gap Ct, Fulshear, TX 77441.

54.    Then, WFD wrote to Matthew "That's under a business name. There isn't a personal checking account [Scott] has?"

55.    In response, Matthew wrote "No he doesn't".

56.    Then, Matthew wrote "Scott said just over night a check to him."

57.    On January 30, 2025, Defendant Scott Been emailed WFD a signed and notarized copy of the Agreement containing the Non-Disparagement provision.

58.    Jennifer Matthew was copied on this email (jmcanvasart@gmail.com), as well as Plaintiff's Pennsylvania legal counsel, Andrew Roman Perrong, Esquire.

59.    On January 31, 2025, Jennifer Matthew wrote to WFD asking for WFD to send Scott the completed contract executed by WFD's principal owner, James Shelton.

60.    On February 2, 2025, WFD emailed Been the countersigned Agreement, and copied Jennifer Matthew to this email.

61.    A true and correct copy of the redacted Agreement is attached as ***Exhibit "1"*** hereto.

62.    Jennifer Matthew therefore had full knowledge of the Agreement's existence and its conditions, including non-disparagement of Alfonso Knoll and AWH.

### Scott Been Deposits Check for $100,000 into an Account in the Name of Innovative Ranking Services Inc.

63.    WFD wrote a check for $100,000 payable to "Scott Been" and mailed the check to Been via U.S. Express Mail with tracking and proof of delivery, showing Been received the check at his address on February 6, 2025.

64.    On February 6, 2025, Defendant Been deposited the WFD check for $100,000 into an account ending in 1350 in the name of Been's tax-forfeited corporation, Innovative Ranking Services Inc.

### Scott Been Never Intended to Comply with the Non-Disparagement Agreement

65.    At this point, the only thing Been needed to do to retain the $100,000 he received from WFD was to not disparage Alfonso Knoll and AWH.

66.    But Been never intended to comply with the non-disparagement provisions of the Agreement with WFD.

67.    Been fully intended to continue disparaging Alfonso Knoll and AWH as soon as he received $100,000 from WFD.

68.    Been's agreement not to disparage Alfonso Knoll and AWH was a fraud because he had no intent of ever upholding his end of the agreement.

69.    Been obtained $100,000 from WFD for his own direct personal benefit through what appears to be a false representation that he would not disparage Alfonso Knoll and AWH.

### Defendants' Post-Agreement Disparagement of Alfonso Knoll and AWH

70.    Indeed, Defendant Been did the exact opposite and continued his disparagement of Knoll and AWH.

71.    As soon as he received and deposited the $100,000 check from WFD, Been began another campaign of disparagement and harassment against Knoll, AWH, and even his associates/partners.

72.    On February 6, 2025, Defendant Been posted in the Legal X Discord channel:

> "Today, I will be working on finalizing the AWC/Alfonso scam and uploading each court doc individually so everyone can see everything filed from the very beginning to the very end. We'll do that for every case moving forward."

See below, a true and correct screenshot of this Discord post:



73.    First, on February 6, 2025, Defendant sent an e-mail to a known associate and partner of Knoll and AWH, Mr. John Bunszel, which disparaged Alfonso Knoll and claimed Been had ended Alfonso's career on fraud charges. A screenshot is below:

**From:** SB <txferrari@gmail.com>
**Date:** February 6, 2025 at 2:54:35 PM EST
**To:** JBUNSZEL@yahoo.com
**Cc:** paintballexp219@aol.com
**Subject: Carbon NFT Refund**

Hey John!!

Well, I ended Alfonso's career on fraud charges and I think it's fair for me to now start looking in your direction.

This is just a courtesy email demanding $5k on your scam Carbon NFT. I know the payment went to AWC, but the last thing you need is me filing another federal lawsuit against Alfonso so, since you were the CEO of the project, you are on the hook.

I already have my legal counsel ready to send out a formal demand letter, so that will just be the start.

You watched me drag Alfonso through the federal courts, so I have no problem following that up with a lawsuit against you.

So, you may call me to talk it out or you can choose to ignore me. But, if you do the later, just expect to be served a federal fraud lawsuit so.

The ball is in your court.

Talk to you soon.

Btw, if you feel you had no involvement in the Carbon scam, then you need to tell me and I'll turn my direction back to Alfonso.

You can call me at 281-846-8804.

Thanks.

Oh yea, calling Alfonso to plead your case won't help you either because he's not going to help you fund your defense.  It's easier to just deal with me at this point.  Or, my attorney's.

74.     On February 9, 2025, Defendant Been posted on Legal X's profile on X that Legal X Global LLC will be born this week. See:



75.     Alfonso Knoll then contacted WFD to complain that Defendant Scott Been was continuing to disparage him and was interfering with Knoll's and AWH's ongoing business relationships.

76.    On Monday, February 10, 2025 at 2:16 PM Eastern, counsel for Alfonso Knoll and AWH, George Lutz, Esquire, e-mailed counsel for WFD, stating in pertinent part:

> "**Been's efforts in this regard** [to disparage Alfonso and AWH] **will have a negative effect on AWH's operations and is hindering its ability to generate the funds needed to comply with its obligations to WFD.**
>
> Accordingly, I am requesting that WFD exercise whatever authority it has, either contractual or otherwise, to compel Been to cease his defamatory communications.  Doing so will be in both AWH's and WFD's best interests.  I appreciate your efforts."

### WFD Contacts Been to Request He Stop Interfering with Alfonso Knoll and AWH's Business Affairs and Connections

77.    Less than twenty-four (24) hours later, on Tuesday, February 11, 2025 at 1:40 PM, WFD wrote to Been via e-mail, asking Been to stop interfering in AWH's business and to leave Alfonso Knoll and AWH alone so that WFD could collect the judgment. The e-mail read:

> "Scott,
>
> Please see the below from George Lutz. Alfonso forwarded me an email you sent to John Bunzel demanding $5k from him. I don't know all the background here between John and Alfonso/AWH, but we need you not to interfere with any of AWH's business or operations so that we can collect on the judgment. You agreed you wouldn't harass, defame, or disparage Alfonso or AWH in any way, and that continuing to do so would interfere with WFD's ability to collect the judgment from Alfonso and AWH. It's my understanding that the Carbon token is an AWH project that directly is part of AWH's business. Threatening them like this puts WFD in a bad situation because it puts the entire settlement/collection efforts at risk. So I'm asking you as politely as I can, and based on your agreement with WFD, can you please stop harassing John Bunzel who is involved in an AWH project, Carbon?
>
> You are totally free to pursue anybody else you want that isn't involved in Alfonso or AWH's business. We just need you to leave Alfonso and AWH alone so that we can collect the rest of the money.
>
> Thank you!
>
> Jamie Shelton

WFD Capital LLC"

A true and correct copy of said e-mail is attached as **Exhibit "3"** to this Complaint.

78.     Just hours later, on February 11, 2025 at 5:41 PM Eastern, Defendant Scott Been

posted disparaging remarks about Alfonso Knoll and AWH on X:

> *"The next crypto scammer who is up next on my to do list.*
> *John Bunszel* @John_Bunszel *with Carbon.*
> **He along with Alfonso Knoll with** @AWC_TheClub **ran a token and**
> **NFT scam on investors.**
> *This is separate from my own $1.4m federal court case win.*
> *These scams go deep."*

See below, a true and correct screenshot of said X post:



79. The above-post was viewed at least 181 times on X.

80. On February 12, 2025, Defendant Been, using his Legal X profile, replied to the

above-post, writing:

> "***I guess he ran off into the arms of Alfonso. Scammers have to stick together. They'll also go down together.***"

See below, a true and correct screenshot of said reply:



### WFD Sends a Demand Letter to Been Instructing Him to Cease and Desist Again

81.    On February 12, 2025 at 2:02 PM Eastern, WFD wrote to Defendant Been via e-

mail informing Been he had breached the agreement with WFD by continuing to disparage

Alfonso Knoll and AWH. The e-mail read:

> "Scott, since my email yesterday to you, you continued to disparage Alfonso on X. This is a breach of our agreement. You wrote:
>
> "The next crypto scammer who is up next on my to do list. John Bunszel @John_Bunszel with Carbon. He along with Alfonso Knoll with @AWC_TheClub ran a token and NFT scam on investors. This is separate from my own $1.4m federal court case win. These scams go deep."
>
> This is disparagement of Alfonso and Active World.
>
> I am going to refer you to Paragraph 1 of your Agreement with WFD which says:
>
> **NON-DISPARAGEMENT AND CONFIDENTIALITY:** As additional consideration, Been agrees to cease further social media posts, podcasts and/or videos, regarding the Judgment Debtors, Active World Holdings Inc. and Alfonso Knoll. Been agrees he will not harass, disparage, slander, defame, or libel the Judgment Debtors in any way, or encourage others to do so. Been further agrees that he will take no actions which are

detrimental to or hinder WFD's collection of the sold judgment, including, but not limited to, disclosure of collections strategy, informing Judgment Debtors of the consideration for the sale of the judgment herein, or take any other action which would reasonably impair or hinder WFD's ability to collect. Been agrees he will not contact the Judgment Debtor(s) in the future for any reason. Been also agrees he will not publicly disparage Judgment Debtors, WFD, its principal owner, James Shelton, and/or WFD's legal counsel. The damages of such a breach will be difficult to calculate with precision and may involve speculation, such as to the potential collection value of the judgment**. Therefore, in the event Been breaches this provision of the agreement by engaging in any of the above-described conduct, Been will be liable for liquidated damages of $100,000.00, payable to WFD, plus any reasonable attorney's fees and costs incurred in enforcing such provision.**

We demand that you immediately stop the harassment and disparagement of Alfonso and AWH. WFD reserves all rights under the agreement. Do not post on social media regarding Alfonso or AWH and do not disparage them in any way.

Jamie Shelton
Member, WFD Capital LLC"

82.    This e-mail, like the one sent the previous day, was sent to Scott Been at his e-mail address, txferrari@gmail.com. A true and correct copy of this e-mail is attached as **Exhibit "4"** to this Complaint.

83.    This e-mail was not returned as undeliverable.

84.    Upon information and belief, this e-mail was read by Defendant Scott Been.

85.    Defendant Been did not respond to WFD's cease and desist e-mail.

86.    Despite being on full notice that WFD retained the right to sue for $100,000 in liquidated damages, plus attorney's fees, Defendant Been persisted in his disparaging and harassing behavior towards Alfonso Knoll and AWH.

87.     Further, by way of example, on March 18, 2025, Defendant posted a video on the

Legal X Discord channel which contained the title "Alfonso Knoll & John Bunszel, A Crypto

Clown Show". The video included the following lyrics:

> "Oh, Alfonso's a genius, or so he thinks.
> 10 million bucks gone in 42 weeks!
> Hidden in socks and a fake piggy bank, then grinned like a weasel with a moldy cheese
> stank.
> And John, his buddy, a colossal ass clown.
> Carbon tokens and NFTs all down.
> Trust me, they'd slur, with their greasy little paws.
> Two evil clowns breaking all the laws.
>
> *Chorus:*
>
> Legal X is on the case, they never miss.
> Crypto crooks tremble, they're taking a piss.
> Scammers regret the day they were born.
> With Legal X around, you're gonna get torn.
>
> Caught in the tracks, the jig was up fast.
> Legal X swooped in, a court room blast.
> Alfonso cried "My yacht! My gold grail!"
> John sobbed "My tokens were just an innocent shell!"
>
> Guilty as charged, the hammer came down.
> Assets all sold, and prison bound.
> Now they're broke paying back every cent.
> Two dumb scammers will never repent.
>
> *(Chorus)*

88.     A true and correct copy of this video may be found here:

https://www.dropbox.com/scl/fi/0j7fzee2if79o1jccfkq7/Legal_X_Alfonso_and_John.MP4?rlkey
=9x9a4i2tiai8yob8vkxyrgd8d&st=idpnxqn7&dl=0.

89.     On May 8, 2025, AWH filed for Chapter 11 Bankruptcy protection in the U.S.

Bankruptcy Court for the Eastern District of Pennsylvania, which further delays or otherwise

damages WFD's efforts to collect the settlement amount.

90.     Upon information and belief, Defendant will continue to disparage and harass Alfonso Knoll and AWH, absent intervention from this Court.

91.     Conditions precedent to filing this action have been complied with, or waived by the Defendant.

## <u>COUNT I:</u>
## <u>BREACH OF CONTRACT</u>
## <u>WFD CAPITAL LLC v. SCOTT BEEN</u>

92.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

93.     Plaintiff WFD and Defendant Scott Been entered into a valid, enforceable contractual agreement on January 30, 2025 ("the Agreement"), in which Been agreed he would not engage in any future disparagement of the Judgment Debtors, Alfonso Knoll and Active World Holdings Inc.

94.     In this agreement, Defendant Scott Been agreed he would not encourage others to disparage the Judgment Debtors, Alfonso Knoll and Active World Holdings Inc.

95.     Defendant breached the Agreement by making flagrant and clear disparaging online posts, both in-writing and orally in posted videos and audio recordings, via the social media platforms X (formerly known as Twitter), Discord, and the video streaming website, YouTube.com.

96.     Defendant Scott Been also breached the Agreement by encouraging others, to assist him in his ongoing campaign of disparagement, or to actively disparage Alfonso Knoll and AWH themselves.

97.     In addition to encouraging the disparagement, Defendant Scott Been was the primary individual responsible for causing disparaging remarks to be posted online about Alfonso Knoll and AWH, using the names of the Legal X entities.

98.     These violations of the Agreement were knowing, willful, and intentional.

99.     These violations were done after repeated written warnings to Defendant Scott Been.

100.    As a result of Defendant's breach of contract, Plaintiff seeks liquidated damages from Defendant Scott Been in the amount of $100,000.00.

101.    Plaintiff also seeks an award of reasonable attorney's fees and costs, pursuant to the Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, WFD CAPITAL LLC, prays for the following relief:

A.  An award of liquidated damages of $100,000.00 from Defendant.

B.  An award of reasonable attorney's fees and costs.

C.  All further such relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of May, 2025.

*/s/ Chad J. Robinson*
Chad J. Robinson *(TX Bar #24139961)*
2300 NW Corporate Blvd Ste 141
Boca Raton, FL 33431-7359
Office: 786-519-2423
Chad@ChadRobinson.com
Attorney for Plaintiff
(Subject to Pro Hac Vice)

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar #321557)
P.O. Bo 595
Lemont, PA 16851
Tel.: 814-777-5080
jeremy@jeremyjacksonlaw.com
Attorneys for Plaintiff