# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WFD CAPITAL LLC,** | | ) **Civil Action No.** 25-2630 |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| | v. | ) |
| | | ) |
| **SCOTT BEEN,** | | ) |
| | | ) |
| | Defendant. | ) |

## DEFENDANT SCOTT BEEN'S MOTION FOR CONTINUANCE OF ARBITRATION HEARING

## I. INTRODUCTION

Defendant, **Scott Been**, appearing **pro se**, respectfully submits this Motion for Continuance of the scheduled arbitration hearing in the above-captioned matter. Defendant seeks a **ninety (90) day continuance** of the arbitration currently set for **May 27, 2026**, in order to allow sufficient time to adequately prepare his defense and address ongoing discovery obligations.

As set forth more fully below, Defendant faces **substantial logistical, financial, and personal constraints** that make attendance at the currently scheduled arbitration date impracticable. Additionally, as a pro se litigant, Defendant requires additional time to properly respond to pending discovery requests and to prepare for the arbitration proceedings in a fair and meaningful manner.

This request is made in **good faith**, not for purposes of delay, but to ensure that Defendant is afforded a reasonable opportunity to participate in the proceedings and present his position effectively. Accordingly, Defendant respectfully requests that this Court grant a continuance of the arbitration hearing for a period of ninety (90) days, or to the next available date convenient to the Court.

## II. BACKGROUND

On or about **February 24, 2026**, the Court issued a **Notice of Arbitration Hearing**, scheduling this matter for arbitration on **May 27, 2026 at 9:30 a.m.** at the **James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania, Courtroom 5B**.

Pursuant to the Court's scheduling, the arbitration hearing represents the next significant stage in these proceedings. The Notice further contemplates that discovery in this matter is ongoing and must be completed within the timeframe established by the Court.

Subsequent to the filing of Defendant's Answer, Plaintiff served discovery requests, including **Plaintiff's Requests for Admissions**, which require Defendant to admit or deny multiple substantive allegations relating to the underlying agreement, alleged conduct, and claims at issue. These discovery obligations impose additional responsibilities on Defendant and require careful review, investigation, and preparation.

As a **pro se litigant**, Defendant is personally responsible for managing all aspects of this case, including responding to discovery, preparing for arbitration, and complying with procedural requirements. Given the complexity of the issues presented and the current stage of the proceedings, additional time is necessary to ensure that Defendant can adequately prepare and participate in the arbitration in a fair and meaningful manner.

## III. GROUNDS FOR CONTINUANCE

Defendant respectfully submits that **good cause exists** for the requested continuance of the arbitration hearing. The following circumstances, taken together, establish that proceeding on the currently scheduled date would impose an undue burden and would not allow Defendant a fair opportunity to prepare and present his case:

### A. Substantial Travel Distance and Logistical Burden

Defendant resides in **Porter, Texas**, while the arbitration is scheduled to take place in **Philadelphia, Pennsylvania**. The distance between these locations is approximately **2,000 miles**, requiring extensive travel arrangements, including air transportation, lodging, and associated logistics.

Such travel presents a significant burden in terms of time, coordination, and overall feasibility, particularly given the short timeframe before the scheduled arbitration date.

## B. Financial Hardship

The anticipated cost of traveling from Texas to Pennsylvania and returning is estimated to exceed **$1,000**, including airfare, accommodations, and related expenses. At this time, such costs are **not financially feasible** for Defendant.

Requiring Defendant to incur substantial expenses to attend the arbitration would impose an unreasonable financial hardship and would hinder his ability to participate effectively in the proceedings.

## C. Personal and Household Obligations

Defendant is currently responsible for managing his household, as his spouse is **temporarily located in Hawaii**. In addition, Defendant has **ongoing obligations to care for pets at home**, which further complicates extended travel arrangements.

These personal responsibilities limit Defendant's ability to travel out of state for the arbitration hearing as currently scheduled.

## D. Pro Se Status and Need for Adequate Preparation

Defendant is appearing **pro se** and is solely responsible for handling all aspects of his defense, including legal research, drafting, discovery responses, and preparation for arbitration.

Unlike represented parties, Defendant does not have the benefit of counsel to manage these responsibilities and therefore requires additional time to ensure proper preparation and compliance with procedural rules.

## E. Ongoing Discovery Obligations

Plaintiff has served **Requests for Admissions** pursuant to Federal Rule of Civil Procedure 36, requiring Defendant to respond to numerous substantive allegations within a prescribed timeframe.

These discovery requests require:

- Careful review of each request,
- Investigation of underlying facts,
- Preparation of accurate and legally sufficient responses.

Proceeding to arbitration before discovery is properly addressed would be premature and could prejudice Defendant's ability to present a complete defense.

### F. Good Faith Basis for Request

This Motion is made in **good faith** and not for purposes of delay. Defendant seeks only a reasonable extension to allow adequate preparation, compliance with discovery obligations, and meaningful participation in the arbitration process.

## IV. RELIEF REQUESTED

WHEREFORE, for the reasons set forth above, Defendant **Scott Been**, appearing pro se, respectfully requests that this Court:

- **Grant a continuance of the arbitration hearing currently scheduled for May 27, 2026**;
- **Extend the arbitration date by ninety (90) days**, or reschedule the matter to the next available date convenient to the Court;
- Allow sufficient time for Defendant to complete outstanding discovery obligations and adequately prepare for the arbitration proceedings; and
- Grant such other and further relief as this Court deems just and proper under the circumstances.

Defendant further respectfully submits that granting this continuance will promote fairness and judicial efficiency, ensuring that the matter is heard on a complete and properly developed record.

## V. CONCLUSION

For the foregoing reasons, Defendant **Scott Been**, appearing pro se, respectfully requests that this Court grant the requested continuance of the arbitration hearing.

Defendant submits that proceeding on the currently scheduled date would impose significant hardship and would not allow sufficient time to complete discovery obligations or adequately prepare for arbitration. Granting a reasonable extension will ensure that the matter proceeds in a fair and orderly manner, consistent with the principles of due process and judicial efficiency.

Defendant remains willing to participate fully in all proceedings and to comply with all Court directives. This request is made in good faith and solely to allow for proper preparation and meaningful participation in the arbitration process.

Accordingly, Defendant respectfully requests that the Court grant a **ninety (90) day continuance**, or such other relief as the Court deems appropriate.

Dated: 4/18/2026

**Respectfully submitted,**
**Scott Been**
Defendant, Pro Se

## VI. CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of April, 2026, a true and correct copy of the foregoing **Motion for Continuance of Arbitration Hearing** was served upon Plaintiff's counsel via electronic mail and/or U.S. Mail in accordance with the Federal Rules of Civil Procedure.

**Scott Been**
Defendant, Pro Se

Page | 5